## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8356 | **DATE** | 3/28/2013 |
| **CASE TITLE** | Gonzalez Jr. Vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

Continued Motion hearings held on Plaintiff's Motion to Order AT&T to Produce Defendant Olson and Motyka's Text Message Content [DE 124] and Plaintiff's Motion to Compel Un-redacted Phone Records [DE 130]. Plaintiff's counsel appeared by telephone; Defendant City of Chicago's counsel appeared in person. Plaintiff's Motion to Order AT&T to Produce Defendant Olson and Motyka's Text Message Content [DE 124] is granted for the reasons discussed on the record. See Statement below for the procedure to be followed by the parties and AT&T in connection with the production and review of the information responsive to Plaintiff's subpoena to AT&T. Plaintiff shall tender to the Court via its Proposed Order folder at www.ilnd.uscourts.gov a revised order [DE 124-2] directing AT&T to produce the phone records described for the time period from 6/15/11 at 12:01 a.m. through 6/16/11 at 12:01 a. m. To be clear, the only thing that needs to be changed in the proposed order (other than the signature line) is to add the time frame for which information is being sought. For the reasons discussed on the record, Plaintiff's Motion to Compel Un-redacted Phone Records [DE 130] is granted in part and continued in part to 4/5/13 at 9:00 a.m. Defendant City of Chicago shall produce to Plaintiff the un-redacted telephone numbers for the entities (i.e., businesses, not people) listed on the log that Defendant previously produced to Plaintiff. The Court will consider on 4/5/13 the remainder of Plaintiff's Motion as it relates to Plaintiff's request that the Court order Defendant to produce in un-redacted form the other telephone numbers listed on Defendant's log. At that time, Plaintiff should be prepared to state which of the remaining phone numbers on the log he wants produced in un-redacted form and why he wants that information.

■[ For further details see text below.]   Notices mailed by Judicial staff.

01:00

## STATEMENT

As discussed on the record, the parties and AT&T shall follow the procedure described below in producing and reviewing the information Plaintiff seeks from AT&T pursuant to subpoena:

1. AT&T will produce to Plaintiff's counsel, in a sealed envelope or on a disk taped (or otherwise sealed) shut in its container, the information sought by Plaintiff's subpoena.

2. Plaintiff will promptly deliver to the relevant Defendants' counsel the envelope or disk produced by AT&T with the seal unbroken and without viewing the contents of the envelope or the disk. If, for some reason AT&T does not produce the information in a sealed envelope or container, Plaintiff still shall deliver those documents promptly to Defendant's counsel, and Plaintiff's counsel is prohibited from reviewing the information contained in the documents or on the disk until Defendant has had a chance to review and redact that information as described below.

**STATEMENT**

3. Defendants' counsel will promptly review the information produced by AT&T and redact any information that is privileged or private information that implicates legitimate privacy or security concerns of Defendants' or third parties. The Court anticipates that any redactions will be limited. Defendants will create a log of any information that is redacted, specifying the page that is redacted and describing the information and the reason for the redaction.

4. The documents will be labeled and treated as Attorneys' Eyes Only documents until further Court order.

5. After they have finished their review of the documents produced by AT&T, Defendants' counsel promptly will deliver those documents to Plaintiff's counsel with any applicable redaction log. If the redaction log is not complete when the documents are ready to be delivered, then Defendant's counsel first shall deliver the documents to Plaintiff's counsel and then, as soon as possible thereafter, deliver the redaction log so as to avoid unnecessary delay in production of the subpoenaed information to Plaintiff's counsel.

6. Counsel promptly shall meet and confer about any questions or challenges Plaintiff may have concerning any redactions. If the parties cannot resolve the issue, Plaintiff will promptly bring to the Court's attention any dispute and the Court will review the documents (in redacted and un-redacted form) *in camera* to resolve any disputes.

It is so ordered.