IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pedro Gonzalez Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11-cv-8356 |
| v. | ) |
| | ) Magistrate Judge |
| City of Chicago et al, | ) Jeffrey T. Gilbert |
| | ) |
| Defendants, | ) |

## ORDER

Plaintiff's Motion in Limine to Exclude Witness Testimony and Evidence Relating to Text Messages [297] is granted. See Statement below for further details.

## STATEMENT

The Court has read and considered all of the briefs filed in support of and in opposition to Plaintiff's Motion [ECF Nos. 297, 304, 311, 315]. The Court's reasons, in brief, for granting Plaintiff's Motion are as follows:

1. Defendants' proposed witness, John Clisham, was not disclosed as a trial witness in the pretrial order and is not a disclosed Rule 26(a)(2) witness so he cannot testify at trial. (The Court disagrees with Defendants that Mr. Clisham should not be considered an expert witness for some purposes. But the Court's ruling is the same if Mr. Clisham is characterized only as "foundational" witness.")

Defendant's failure to disclose Mr. Clisham as a trial witness before June 22, 2015, during a pretrial conference in this case is not harmless. Nor is it cured because Plaintiff's investigator spoke to him at one point in the past. Plaintiff should not have to scramble on the eve of trial to prepare for Mr. Clisham as a witness called to introduce text messages that Defendants have known about for years. While Defendants proposed on June 22, 2015 [ECF No. 296] to "trade" (i.e., drop) their opposition to Plaintiff calling Julia Santos at trial in exchange for Plaintiff dropping his opposition to Defendants' calling Mr. Clisham at trial, that is not an even trade. Ms. Santos was disclosed as a fact witness in Plaintiff's Rule 26(a) disclosures and Defendants deposed her during discovery.

Finally, the late disclosure of Mr. Clisham as a witness is particularly prejudicial in light of Defendants' response to Plaintiff's argument that the text messages being offered by Defendants

are incomplete and the result of cherry picking of what was on Pedro Gonzalez III's telephone at the time of his death. Defendants say the incompleteness objection is misplaced because Plaintiff can go to the cell phone provider and obtain the other messages that he says are missing. Again, however, that fire drill would be unnecessary if Defendants had teed up the issue of the text messages and Mr. Clisham as their sponsoring witness when it should have been teed up.

2. The text messages are not party admissions under Federal Rule of Evidence 801. The Seventh Circuit has rejected the notion that a decedent's statement can be admitted against the decedent's estate as a privity-based admission. *Huff v. White Motor Corp.*, 609 F.2d 286, 289-91 (7th Cir. 1979). *See also In re Cornfield*, 365 F. Supp. 2d 271, 277-78 (E.D. N.Y. 2004). The drafters of the Federal Rules of Evidence allowed certain adoptive, attributive and privity-based admissions under Federal Rule of Evidence 801(d)(2) but they did not permit a decedent's statement to be admitted against the decedent's estate.

3. The text messages are hearsay, out of court statements offered for the truth of the matters asserted, and no exception to the hearsay rule applies. Contrary to Defendants' argument, the text messages are not business records simply because they appear in a report generated by a forensic examiner. *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000). The closest Defendants get to a hearsay exception is Federal Rule of Evidence 803(3) and the proposition that certain of Pedro Gonzalez III's text messages are relevant to his state of mind on the day he was shot. But that does not work either.

Even assuming without deciding at this juncture that Pedro Gonzalez III's state of mind could be relevant for some purpose in this case, Defendants are not using the text messages to show Pedro Gonzalez III's state of mind *per se* on the day in question or at the moment he was shot. (In light of the Court's ruling, it is unnecessary to address Plaintiff's objection based on the contemporaneity required under FRE 803(3).) Rather, Defendants want to use the text messages to show Pedro Gonzalez III engaged in certain conduct – i.e., that he had a gun and he pointed the gun at Defendant police officers before he was shot by them. Defendants' Sur-Reply Brief [ECF No. 315] at 10 ("Defendants argue that his *fear for his life* motivated him to get a gun, and that once he was being chased by police officers, he made a bad decision to point his gun at the officers while he was angry at the police *and* severely grieving the loss of his best friend.") (italics in original). That is not the purpose of state of mind evidence admissible under Federal Rule of Evidence 803(3). *United States v. Harwood*, 998 F.2d 91, 98 (2nd Cir. 1993) ("McKee's statements were not offered to prove his state of mind, but were intended to be used by the jury to support an inference about conduct that had occurred five months earlier. To admit such statements 'would significantly erode the intended breadth of this hearsay exception.'") (citations omitted). *See also* 5 Weinstein's Federal Evidence (Second Edition) 803.05[2][a] at 803-34 (November 2014 Release) ("In addition, statements cannot be offered to prove the truth of any underlying facts asserted in the statements.").

4. Even if Defendants could call a foundational witness at trial and the text messages were admissible either as a party admission or under some exception to the hearsay rule, any relevance the messages might have to Defendants' theory as to why Pedro Gonzalez may have had a gun on the day he was shot is far outweighed by their unfairly prejudicial value. No message says or even implies that Pedro Gonzalez owned, possessed or even wanted a gun at any time or on the

day in question. While Defendants are correct that circumstantial evidence is admissible to support reasonable inferences, the text messages do not pass muster as admissible circumstantial evidence.

The inference Defendants want to argue to the jury -- that Pedro Gonzalez was grieving his friend's death and feared for his own life because he thought the bullet that killed his friend might have been meant for him, so he obtained a gun and made a bad decision to point it at the police (but not fire it) when he was still angry at other police officers for arresting him for possession of marijuana two days earlier -- is composed of building blocks of pure speculation given the actual text messages taken from Pedro Gonzalez's phone. The weak circumstantial inference from that evidence Defendants want the jury to draw is outweighed by its substantially unfair prejudicial value if the jury is permitted to consider this evidence as proof that Pedro Gonzalez III had a gun and used it as Defendants say he did in the moments before he was shot. That is a huge stretch from the text message evidence. Further, to the extent, as Plaintiff contends, the text messages could tend to prejudice Pedro Gonzalez III in the eyes of the jury because of the language he used and the implication that he associates with gangbangers, though Defendants deny that is their motivation, that also evinces a potentially prejudicial impact from admitting the text messages.

5. Lastly, Defendants argue that some of the messages are not offered for the truth of the matter asserted. Even if that were true, any probative value of the text messages, assuming Defendants have a theory under which they could be admitted into evidence, which as discussed above they do not, is substantially outweighed not only by the unfair prejudice to Plaintiff that would flow from their admission but also by the impossibility of mitigating that prejudice with any limiting instruction that the text messages are not admitted for their truth but only for some other purpose.

Accordingly, for all of these reasons, Plaintiff's Motion in Limine to Exclude Witness Testimony and Evidence Relating to Text Messages [297] is granted.

It is so ordered.

Date:  9/1/15

Magistrate Judge Jeffrey T. Gilbert