IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PEDRO GONZALEZ JR., as Administrator for the Estate of Pedro Gonzalez III,** )<br>)<br>) | |
| ) | No. 11 C 8356 |
| **Plaintiff,** ) | |
| ) | Jeffrey T. Gilbert |
| v. ) | Magistrate Judge |
| ) | |
| **SGT. OLSON, P.O. MOTYKA, P.O. TUNZI, and CITY OF CHICAGO,** )<br>)<br>) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Plaintiff's Motion in Limine to Exclude Testimony and Speculation Relating to Why Pedro Gonzalez Might Have Had a Gun [331] is granted in part to the extent it asks the Court to bar anticipated lay opinion testimony by Michael Ashford as to why Pedro Gonzalez III might have had a gun on June 15, 2011. The Motion is denied without prejudice to the extent it seeks to bar the testimony of any other witness. See Statement below for further details.

## STATEMENT

Federal Rule of Evidence 701 states, among other things, that lay opinion testimony must be "rationally based on the witness's perception." FRE 701(a). Defendants propose to elicit from Mr. Ashford testimony to the effect that IF Pedro Gonzalez III had a gun on June 15, 2011, he had it for protection. Exhibit 3 to Plaintiff's Motion [ECF No. 331-3]. For the reasons discussed below, Mr. Ashford's proposed testimony is not rationally based on his own perception. It is, rather, based upon what others told him. Moreover, he testified that he did not believe what he was told by others. Therefore, the testimony is not admissible under FRE 701.

Mr. Ashford did not see Mr. Gonzalez being shot on June 15, 2011. He was in his house when he heard the gunshots. Exhibit 1 to Plaintiff's Motion, Ashford Statement [ECF No. 331-1] at 2:17-3:10 and 4:9-14. He did not know that Mr. Gonzalez had a gun, never heard he had a gun, and did not suspect he had a gun. Exhibit 2 to Plaintiff's Motion, Ashford Deposition [ECF No. 331-2] at 16:3-7. The first time Mr. Ashford saw a gun on June 15, 2011, is when a police officer held up a gun after Mr. Gonzalez had been shot and said "it was Pedro's gun." *Id.* at 15:10-14; 25:16-22. Mr. Ashford "didn't see the gun anywhere near Pedro" and he did not believe the officer when he said it was Mr. Gonzalez's gun. *Id.* at 26:2-7.

The factual predicate for the testimony Defendants want to elicit from Mr. Ashford, therefore, is

that he was told by a police officer or officers that the gun recovered from the scene of the shooting belonged to Mr. Gonzalez. Exhibit 2 to Plaintiff's Motion, Ashford Deposition [ECF No. 331-2] at 15:10-14; 25:16-22. It was in response to that prompt that Mr. Ashford said and opined, "you know, he is protecting himself. . . . if he had it, you know what I'm saying, that was the reason he had it." *Id.* at 15:15-24.

The proposed testimony from Mr. Ashford does not meet the threshold test of FRE 701(a). Mr. Ashford did not personally perceive or witness the underlying facts upon which his proffered opinion is based. As the court noted in *Fisher v. Dominion Transmission, Inc.*, 2015 WL 1505656*7 (M.D. Pa. 2015), "[u]nder Rule 701, a lay witness may offer his opinion if it is based upon facts or observations that the witness has perceived." Mr. Ashford's proffered opinion is based upon facts perceived and observations made by others that were reported to him, and he testified he does not believe those reported facts. Exhibit 2 to Plaintiff's Motion, Ashford Deposition [ECF No. 331-2] at 26:2-7. The proposed testimony, therefore, does not fall within the parameters of FRE 701. "The modern trend favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Teen–Ed, Inc. v. Kimball,* 620 F.2d 399, 403 (3d Cir.1980). Mr. Ashford's proffered testimony is not founded on his personal knowledge and is not subject to specific cross-examination.

In addition, although the facts in issue in this case include whether Mr. Gonzalez had a gun on June 15, 2011, that he pointed at a police officer or officers, Mr. Ashford's speculation as to why or whether Mr. Gonzalez had a gun based on nothing more than a police officer telling him Mr. Gonzalez had a gun is not "helpful to . . . determining [the facts] in issue." FRE 701(b). This is another reason not to allow Defendants to elicit the testimony they propose to elicit from Mr. Ashford.

The Court's ruling on Plaintiff's Motion is limited to the proposed lay opinion testimony by Mr. Ashford. It is not intended to apply, and does not apply, to any other witness. The Court makes this point because in the first paragraph of Plaintiff's Motion, Plaintiff seeks to bar Defendants "from eliciting speculative opinion testimony from Michael Ashford (or any other witness) as to why Pedro Gonzalez might have theoretically had a gun. . . ." Plaintiff's Motion [ECF No. 331] at 1. Plaintiff's Motion, however, focuses exclusively on Mr. Ashford's proposed opinion testimony. Therefore, the Court's ruling does not extend beyond that to the proposed testimony of any other witness since the factual predicate for and underlying circumstances of that testimony are not now before the Court.

It is so ordered.

 _____
 Jeffrey T. Gilbert
 United States Magistrate Judge

Dated: September 14, 2015