**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEDRO GONZALEZ JR., as administrator for the Estate of Pedro Gonzalez III, | ) ) ) 11 C 8356 |
| Plaintiff, | ) ) |
| v. | ) Magistrate Judge Gilbert ) |
| SGT. OLSON et al, | ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, by and through one of their attorneys, respectfully move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on Plaintiff's excessive force claim against Sergeant Olson and Plaintiff's failure to intervene claims against Sergeant Olson and Officer Motyka and in support state as follows:

## ARGUMENT

Federal Rule of Civil Procedure 50(a) provides that a party is entitled to judgment as a matter of law on a particular issue if the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. Fed. R. Civ. P. 50(a). The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is sufficient to sustain a verdict in favor of the non-moving party. *Hammond Grp., Ltd. v. Spalding & Evenflo Cos., Inc.*, 69 F.3d 845, 848 (7th Cir. 1995). Here, Defendants are entitled to judgment as a matter of law on Plaintiff's § 1983 claim for excessive force against Sergeant Olson on Plaintiff's § 1983 failure to intervene claims against Sergeant Olson and Officer Motyka.

## I. No Reasonable Jury Could Find that Sergeant Olson Used Excessive Force.

The evidence in the record cannot support a verdict against Sergeant Olson for excessive force under the Fourth Amendment because his conduct did not effect a seizure of Mr. Gonzalez. Excessive force claims brought against police officers under § 1983 are analyzed according to the "Fourth Amendment standard of 'objective reasonableness.'" *Carr v. City of N. Chicago*, 908 F.Supp.2d 926, 930 (N.D. Ill. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989). As such, Plaintiff must establish that Sergeant Olson firing his weapon at Pedro Gonzalez, III was an objectively unreasonable use of force by the officer. "Deadly force may be used if the officer has probable cause to believe that the armed suspect (1) 'poses a threat of serious physical harm, either to the officer or to others,' or (2) 'committed a crime involving the infliction or threatened infliction of serious physical harm' and is about to escape." *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) (citing *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985)).

Determining whether a particular use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). As such, the "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

When an officer fires at but does not hit a subject, no Fourth Amendment seizure occurs. "[S]ubmit[ting] to a police show of force" is "not subject to Fourth Amendment scrutiny." *Colone v. Burge*, No. 00 C 9008, 2002 WL 31628205, at *3 (N.D. Ill. Nov. 21, 2002) (citing *Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992); *Tom v. Voida*, 963 F.2d 952, 956 (7th

Cir. 1992) (finding that seizure did not occur until suspect was physically touched by the officer, even though officer was previously attempting to touch the suspect and was unsuccessful)); *see Keys v. City of Harvey*, No. 92 C 2177, 1995 WL 247989, at *4 (N.D. Ill. Apr. 6, 1995) ("pre-seizure conduct of the police . . . may be relevant to the question of the reasonableness of the force used to seize someone, but it cannot itself provide the basis of the Fourth Amendment violation.").

Here, Plaintiff has not established that Sgt. Olson—who admittedly fired three shots, none of which struck Pedro Gonzalez—effected a seizure of Mr. Gonzalez under the Fourth Amendment. Mr. Gonzalez was indisputably struck by two bullets fired by Officer Motyka in his left side/back area. Officer Motyka conceded at trial that his bullets struck and killed Mr. Gonzalez.

> Q. All right. So -- and when you fired the bullets that killed Pedro Gonzalez, you were sitting in the driver's seat of your car, right?
> A. That's correct.

Tr. Transcript of Sept. 18, 2015, p. 27:17-20, attached as Ex. A.

The record is clear on this point. Officer Motyka admits he fired the bullets that struck and killed Mr. Gonzalez. See *id* at p. 23:2-4. By Officer Motyka's account, those bullets were fired in approximately one second. *Id.* at 117:2-5. Plaintiff's expert, Dr. Arden also offered unrebutted testimony that both bullets that struck Mr. Gonzalez appeared to be consistent with bullets fired in rapid succession and, in his opinion, were fired by Officer Motyka from the car. Arden Tr. Testimony, Sept. 18, 2015, pp. 182:2-14, 230:2-4, attached as Ex. B. Sergeant Olson also testified that he fired three times total but believed that he missed. *See* Sgt. Olson Tr. Testimony, Sept. 21, 2015, at p. 53:6-14, attached as Ex. C (admitting that Officer Motyka's bullets killed Mr. Gonzalez).

Similarly, there was no evidence adduced at trial to support a theory that Sergeant Olson caused Officer Motyka to shoot Mr. Gonzalez. Officer Motyka testified that he saw Mr. Gonzalez point a weapon at him which is why he fired.

> Q. Why did you shoot Mr. Gonzalez?
> A. 'Cause he was aiming a weapon at me.

Motyka Tr. Testimony, Ex. A, p. 93:23-24.

Neither Officer Motyka, nor any other witness, testified that Officer Motyka chose to shoot Mr. Gonzalez based on Sergeant Olson's actions. Officer Motyka was clear that he fired at Mr. Gonzalez because he saw a weapon pointed directly at him. *Id.* There is simply no evidence to support the theory that Sergeant Olson caused Officer Motyka to fire. Accordingly, no reasonable jury could find that Sergeant Olson caused Officer Motyka to use excessive force.

Based on the record at trial, no reasonable jury could conclude that Sergant Olson's bullet(s) actually struck Mr. Gonzalez or that Sergeant Olson caused Officer Motyka to fire. Accordingly, the Court should grant Defendants judgement as a matter of law on Plaintiff's excessive force claim against Sergeant Olson.

**II.     No Reasonable Jury Could Find that Sergeant Olson or Officer Motyka Failed to Intervene In The Use of Excessive Force**

Even viewing the facts in a light most favorable to Plaintiff, no reasonable jury could find that either Officer Motyka or Sergeant Olson failed to intervene in the alleged use of excessive force. "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know . . . that excessive force was being used . . . *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis in original).  Plaintiff must raise facts establishing *all* of the above

elements for *each* individual officer before any such officer may be held liable. *See Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F. 3d 1014, 1039 (7th Cir. 2003) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (citation omitted).

In order to prevail on his failure to intervene claim, Plaintiff must prove that each Defendant had a realistic opportunity to intervene to *prevent* the excessive force from occurring. *Yang*, 37 F.3d at 285. He also must prove that each officer was informed of the others' unreasonable conduct, such that he could have prevented it. *Id.*; *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008). No such facts were established at trial.

"Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury *could not possibly conclude otherwise.*" *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (citing *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir. 1997)). Here, the jury could not possibly conclude otherwise. *See Pitzer v. City of E. Peoria, Ill.*, 708 F. Supp. 2d 740, 750 (C.D. Ill. 2010) (finding no realistic opportunity for a defendant officer to intervene to prevent a single gunshot); *Smith v. Boyle*, No. 02 C 2788, 2004 WL 2203438, at *3-4 (N.D. Ill. Sept. 29, 2004) (finding no realistic opportunity for defendant officers to intervene to prevent use of excessive force where the alleged incidents of excessive force took place "within a couple of seconds" and the officers were several feet away).

There was no evidence presented by Plaintiff that either Officer Motyka or Sergeant Olson were positioned in a way to allow them to realistically intervene to prevent the other from

firing at Mr. Gonzalez. And the evidence presented at trial does not support that Officer Motyka or Sergeant Olson knew or should have known that excessive force was being, or about to be used, by either Defendant.

Officer Motyka testified that he fired rapidly, and Dr. Arden confirmed that the two bullets that struck Mr. Gonzalez appear to have been fired in quick succession. Thus, at the time that Officer Motyka fired, there is no evidence that Sergeant Olson, who was on the sidewalk chasing Mr. Gonzalez, could have realistically stopped Officer Motyka from firing from the car. Likewise, there is no evidence to suggest that Officer Motyka, who was in the squad car, was in a position to stop Officer Olson from firing from the sidewalk. Neither officer was near the other at the time the shots were fired.

Accordingly, Defendants are entitled to judgment as a matter of law.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants Eric Olson and Jason Motyka respectfully request that this court grant their motion for judgment as a matter of law and enter judgment in their favor on Plaintiff's excessive force claim against Sergeant Olson and failure to intervene claim against both defendants.

September 24, 2015    Respectfully submitted,

/s/ Daniel Nixa
Daniel Nixa
Assistant Corporation Counsel

City of Chicago Dept. of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-5890

# CERTIFICATE OF SERVICE

I certify that on September 24, 2015, I served a copy of Defendants' Motion for Judgment as a Matter of Law on all counsel of record by filing the same on the Court's ECF system.

/s/ Daniel Nixa
Daniel Nixa