FILED
9/25/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:11-cv-08356 Gonzalez Jr. v. City of Chicago et al

Draft Jury Instructions with References, 9/25/15

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*Reference*: 7th Cir. 1.01

The Plaintiff, Pedro Gonzalez Jr., brings this action in a representative capacity as Administrator of the Estate of his son, Pedro Gonzalez III, who is deceased. Pedro Gonzalez III may be referred to as the decedent. Plaintiff represents the Estate of his deceased son. The Estate consists of Pedro Gonzalez III's parents: Pedro and Linda Gonzalez, and Pedro Gonzalez III's siblings: Amanda Knighten, Tambria Knighten, and Margarita Gonzalez, all of whom are the real parties in interest in this lawsuit.

Defendants Jason Motyka and Eric Olson are police officers. Pedro Gonzalez and his family are private citizens. All parties are equal before the law. All parties in this case are entitled to the same fair consideration.

*Reference*: 7th Cir. 1.03; IPI 31.09; Pl.'s Nos. 1, 2; Defs.' No. 1

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

*Reference*: 7th Cir. 104; Pl.'s No. 3

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered. Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

*Reference*: 7th Cir. 1.06; Pl.'s No. 4

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

*Reference*: 7th Cir. 1.07; Pl.'s No. 5

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*Reference*: 7th Cir. 1.11; Pl.'s No. 6

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*Reference*: 7th Cir. 1.12; Pl.'s No. 7

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about.
- The witness's memory.
- Any interest, bias, or prejudice the witness may have.
- The witness's intelligence.
- The manner of the witness while testifying.
- The reasonableness of the witness's testimony in light of all the evidence in the case.

*Reference*: 7th Cir. 1.13; Pl.'s No. 8

You have heard evidence that Stevie Blockson and Hughvon Polk have been convicted of a crime. You may consider this evidence only in deciding whether their testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

*Reference*: 7th Cir. 1.15; Defs.' No. 14

It is proper for a lawyer to meet with any witness in preparation for trial.

*Reference*: 7th Cir. 1.16; Pl.'s No. 9

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*Reference*: 7th Cir. 1.18; Pl.'s No. 10

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

*Reference*: 7th Cir. 1.21; Pl.'s No. 11

Certain demonstrative exhibits have been shown to you, such as Plaintiff's Exhibit 100 and Defendants' Exhibits 5-1-P and 5-1-O. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

*Reference*: 7th Cir. 1.24; Pl.'s No. 12

You must give separate consideration to each claim and each party in this case. Although there are two individual defendants, it does not follow that if one is liable, the other also is liable.

*Reference*: 7th Cir. 1.25; Pl.'s No. 13; Defs.' No. 2

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*Reference*: 7th Cir. 1.27; Pl.'s No. 14

Plaintiff must prove by a preponderance of the evidence that Defendants Motyka and/or Olson were personally involved in the conduct that Plaintiff complains about. You may not hold them liable for what other officers did or did not do. Personal conduct may include unreasonably setting off an event or series of events that a Defendant knows or reasonably should have known would cause another Defendant to violate constitutional rights.

*Reference*: 7th Cir. 7.02; Defs.' No. 15; Pl.'s proposed instruction, ECF No. 328

Plaintiff brings the following claims:

First, Plaintiff claims that Defendants Motyka and Olson violated Pedro Gonzalez III's rights under the Fourth Amendment to the United States Constitution by using excessive force against him in that they unreasonably shot him or shot at him.

Second, Plaintiff claims that Defendants Motyka and Olson violated Pedro Gonzalez III's rights under the Fourth Amendment to the United States Constitution by failing to intervene to prevent the use of excessive force against him.

Third, Plaintiff claims that Defendant Motyka violated Illinois law under the Illinois Wrongful Death Act and the Illinois Survival Act in that he shot Pedro Gonzalez III without legal justification.

Defendants deny each and every claim against them.

I will now discuss each of these claims in turn.

Reference: Pl.'s No. 15; Defs.' No. 3; *Othman v. Carranza*, No. 11-cv-5777 (N.D. Ill.)

To succeed on his claim that Defendant Motyka and/or Defendant Olson used excessive force against Pedro Gonzalez III, Plaintiff must prove by a preponderance of the evidence that Defendant Motyka and/or Defendant Olson used unreasonable force against Pedro Gonzalez III.

If you find that Plaintiff has proved by a preponderance of the evidence that Defendant Motyka and/or Defendant Olson used unreasonable force against Pedro Gonzalez III, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

*Reference*: 7th Cir. 7.08; Pl.'s No. 16; Defs.' No. 4

You must decide whether Defendant Motyka's and/or Defendant Olson's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendants faced. You must make this decision based on what the officer knew at the time of the incident, not based on what you know now. In deciding whether Defendant Motyka's and/or Defendant Olson's use of force was unreasonable, you must not consider whether the Defendants' intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

*Reference*: 7th Cir. 7.09; Defs.' No. 5; Pl.'s No. 17

To succeed on his failure-to-intervene claim against Defendant Motyka and/or Defendant Olson, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. That one of the Defendants knew that the other officer was using, or was about to use, unreasonable force against Pedro Gonzalez III;
2. Defendant had a realistic opportunity to do something to prevent harm from occurring;
3. Defendant failed to take reasonable steps to prevent harm from occurring; and
4. Defendant's failure to act caused Pedro Gonzalez III to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to either Defendant, then you should find for Plaintiff and against that Defendant on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to either Defendant, then you should find for Defendants as to this claim and you will not consider the question of damages.

*Reference*: 7th Cir. 7.06; Defs.' No. 6; Pl.'s No. 19

In order to prevail on Plaintiff's Illinois Wrongful Death and Illinois Survival Act claims against Defendant Motyka, Plaintiff has the burden of proving that Defendant Motyka engaged in willful and wanton conduct in that he shot Pedro Gonzalez III without legal justification.

When I use the expression "willful and wanton conduct," I mean a course of action without legal justification that shows an actual or deliberate intention to harm.

When I use the expression "without legal justification," I mean that Defendant Motyka lacked a reasonable belief that his use of force was necessary to prevent imminent death or great bodily harm to himself or others.

If you find that Plaintiff has proved this proposition by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this proposition by a preponderance of the evidence, then you should find for Defendant Motyka on these claims, and you will not consider the question of damages on these claims.

*Reference*: *Wilson v. City of Chicago*, 758 F.3d 875 (7th Cir. 2014); *Othman v. Carranza*, No. 11-cv-5777 (N.D. Ill.); Pl.'s No. 20; Defs.' Nos. 7, 8, 9, IPI 14.01

If you find that Plaintiff have proved any of their claims against either Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you decide for either Defendant on the question of liability for any claim, then you should not consider the question of damages as to that Defendant for that claim.

*Reference*: 7th Cir. 1.31, 7.22

With respect to Plaintiff's federal claims of excessive force and failure to intervene, if you find in favor of Plaintiff on the question of liability, then you must determine the amount of money that will fairly compensate the Estate of Pedro Gonzalez III for any injury you find Pedro Gonzalez III sustained as a direct result of the Defendant's wrongful conduct. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. That does not mean, however, that compensatory damages are restricted to the actual loss of money; they also include both the physical and emotional aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- Pedro Gonzalez III's loss of life.
- The physical and mental/emotional pain and suffering that Pedro Gonzalez III experienced prior to his death. No evidence of the dollar value of physical or emotional pain and suffering has been or needs be introduced. There is no exact standard for setting the damages to be awarded on account of such losses. You are to determine an amount that will fairly compensate the Estate of Pedro Gonzalez III for any injuries that Pedro Gonzalez III sustained.

*Reference*: 7th Cir. 7.23; *Bass v. Wallenstein*, 769 F.2d 1173 (7th Cir. 1985); Pl.'s No. 22; Defs.' No. 12

With respect to Plaintiff's federal claims of excessive force and failure to intervene, if you find for Plaintiff on the question of liability against a Defendant, you may, but are not required to, assess punitive damages against that Defendant. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular Defendant you are considering. You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Pedro Gonzalez III's rights. Conduct is malicious if it is accompanied by ill will or spite, or if it is done for the purpose of injuring Pedro Gonzalez III. Conduct is in reckless disregard of Pedro Gonzalez III's rights if, under the circumstances, it reflects complete indifference to Pedro Gonzalez III's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of the Defendant's conduct.
- The impact of the Defendant's conduct on the decedent.
- The likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made.
- The Defendant's financial condition.
- The relationship of any award of punitive damages to the amount of actual harm Pedro Gonzalez III suffered.

*Reference*: 7th Cir. 7.24; Pl.'s No. 23; Defs.' No. 13

As to Plaintiff's Wrongful Death Act and Survival Act claims, the Plaintiff, Pedro Gonzalez Jr., brings these claims in a representative capacity as Administrator of the Estate of his son, Pedro Gonzalez III, who is deceased. The Estate consists of Pedro Gonzalez III's parents: Pedro and Linda Gonzalez, and Pedro Gonzalez III's siblings: Amanda Knighten, Tambria Knighten, and Margarita Gonzalez, all of whom are the real parties in interest in this lawsuit and in that sense are the real plaintiffs whose damages you are to determine if you decide for the Plaintiff on the wrongful death and survival claims.

*Reference*: IPI 31.09; Pl.'s No. 1

With respect to Plaintiff's state law claim under the Wrongful Death Act, if you find for Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the Estate of Pedro Gonzalez III for the pecuniary loss proved by the evidence to have resulted to the Estate of Pedro Gonzalez III from the death of Pedro Gonzalez III. These are called "compensatory damages."

"Pecuniary loss" may include loss of money, benefits, goods, services, and society. When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

Where, as here, Pedro Gonzalez III leaves parents, the law recognizes a presumption that the parents have sustained some substantial pecuniary loss by reason of the loss of the child's society. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

- What benefits and services the decedent customarily contributed in the past.
- What benefits and services the decedent was likely to have contributed in the future.
- The decedent's age.
- The decedent's sex.
- The decedent's health.
- The decedent's physical and mental characteristics.
- The decedent's habits of industry, sobriety, and thrift.
- The decedent's occupational abilities.

- The grief, sorrow, and mental suffering of the decedent's next of kin: Pedro and Linda Gonzalez, Amanda Knighten, Tambria Knighten, and Margarita Gonzalez.
- The relationship between the decedent and his parents, Pedro and Linda Gonzalez, and siblings, Amanda Knighten, Tambria Knighten, and Margarita Gonzalez.

*Reference*: IPI 31.06; Pl.'s No. 22; Defs'. No. 11

With respect to Plaintiff's state law claim under the Illinois Survival Act, if you find for Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the Estate of Pedro Gonzalez III for any conscious pain and suffering proved by the evidence to have resulted from the wrongful conduct of Defendant Motyka during the period between the time of Pedro Gonzalez III's injuries and the time of his death, taking into consideration the nature, extent, and duration of the injury. These are called "compensatory damages." No evidence of the dollar value of conscious pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Estate of Pedro Gonzalez III for the injury he sustained.

*Reference*: IPI 31.10; 7th Cir. 7.23; Pl.'s No. 22; Defs.' No. 10

Defendants introduced evidence of their financial condition. You may consider evidence of Defendants' financial condition only with respect to punitive damages. Defendants will be indemnified from another source for any award of compensatory damages. You should not consider Defendants' financial condition in assessing compensatory damages.

*Reference*: See the Court's ruling on Plaintiff's Motion *in Limine* No. 11 and Defendants' Motion *in Limine* No. 8.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

[Verdict form read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

*Reference*: 7th Cir. 1.32

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any. In other words, do not tell me that you are split 6-5, or 10-1, or whatever your vote happens to be.

*Reference*: 7th Cir. 1.33

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

*Reference*: 7th Cir. 1.34